**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Miguel Ruiz VIRRUETA,***
**Defendant—Appellant.**

**No. 03–50161.**

United States Court of Appeals,
Ninth Circuit.

---

* The Clerk shall change the docket to reflect the correct spelling of appellant's name.

Submitted Jan. 9, 2006.**

Filed Jan. 19, 2006.

———

Nancy B. Spiegel, Esq., Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

William C. Melcher, Esq., Melcher Melcher & Melcher, Woodland Hills, CA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Miguel Ruiz Virrueta appeals from his 120–month sentence imposed following his guilty plea conviction to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Ruiz Virrueta contends that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc) require that his case be remanded for resentencing because he was sentenced under the then-mandatory Sentencing Guidelines. This contention fails because Ruiz Virrueta was sentenced to the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). *See United States v. Dare*, 425 F.3d 634, 643 (9th Cir.2005) (declining to remand for resentencing because the outcome of resentencing "could not possibly be different" where a mandatory minimum sentence is imposed).

Ruiz Virrueta also contends that, because the Sentencing Guidelines are not mandatory, the sentencing judge can now ignore his criminal history points and provide the safety valve adjustment. This contention fails because *Booker* does not bear on the reduction of sentences. *See Booker*, 125 S.Ct. at 756. Also, the safety valve adjustment, which is governed by statute, prohibits a downward adjustment if the defendant has more than one crimi-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nal history point. *See* 18 U.S.C. § 3553(f)(1).

**AFFIRMED.**