**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Luis CARVAJAL, Defendant—
Appellant.**

**No. 04–50547.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Becky S. Walker, Esq., Mark A. Young, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Luis Carvajal, Terminal Island, CA, pro se.

William C. Melcher, Esq., Melcher Melcher & Melcher, Woodland Hills, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Luis Carvajal appeals from his 120–month sentence imposed after pleading guilty to conspiracy and possession with intent to distribute and distribution of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Carvajal contends that, now that the United States Sentencing Guidelines are no longer mandatory, *see United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court has the discretion to adjust his criminal history category so that he meets the safety valve provisions and can be sentenced under the mandatory minimum. This contention fails because *Booker* does not bear on the reduction of sentences. *See Booker,* 543 U.S. at 244, 125 S.Ct. 738. Also, the safety valve adjustment, which is governed by statute, prohibits a downward adjustment if the defendant has more than one criminal history point. *See* 18 U.S.C. § 3553(f)(1); *see also United States v. Valencia–Andrade,* 72 F.3d 770, 773–74 (9th

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cir.1995) (stating that 18 U.S.C. § 3553(f) precludes the district court from creating an exception to a mandatory minimum sentence for an over-represented criminal history category).

Carvajal also contends that he is entitled to a remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc), because it is clear that the district court would have sentenced him differently. This contention is foreclosed by *United States v. Dare*, 425 F.3d 634, 643 (9th Cir.2005), because Carvajal was sentenced to the statutory mandatory minimum sentence.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.