**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Amie Noelle RUTH, Defendant—
Appellant.**

**No. 05–10055.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Matthew Stegman, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Daniel J. Broderick, Esq., Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Amie Noelle Ruth appeals from the 57–month sentence imposed following her guilty plea to two counts of theft of mail, in violation of 18 U.S.C. § 1708. We have jurisdiction pursuant 28 U.S.C. § 1291, and we affirm.

We review for clear error a district court's factual findings. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir. 2005). We review de novo a district court's interpretation of the Sentencing Guidelines. *See id.*

Ruth contends that the district court erroneously determined the amount of loss pursuant to U.S.S.G. § 2B1.1. The record belies this contention. The district court correctly focused its inquiry upon the amount of loss that Ruth intended to inflict upon her victims. *See* U.S.S.G. § 2B1.1. cmt. 3.

Ruth also contends that the district court erred by finding that the total intended loss was over $150,000. This contention lacks merit. The district court's finding of intended loss was supported by a preponderance of the evidence. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005); *see also United States v. Riley,* 143 F.3d 1289, 1292 (9th Cir.1998) (concluding that the district court did not err in calculating the intended loss by using the face amount of false tax refund claims); *see also* U.S.S.G. § 2B1.1. cmt. 3 (providing that the loss need not be determined with precision, but rather a sentencing court need only make a reasonable estimate of the loss, given the available information).

As Ruth never challenged the actual factual allegations within her Presentence Report, the district court properly relied upon them to support its finding. *See United States v. Riley,* 335 F.3d 919, 931 (9th Cir.2003). We note that at sentencing, Ruth's counsel stated that there was no need for an evidentiary hearing concerning loss amounts.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.