**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Angel PENA, a/k/a Angel Peña Rafaele, Defendant–Appellant.**

**No. 05–50013.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2007.*

Filed Feb. 27, 2007.

Becky S. Walker, Esq., Shannon P. Wright, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Tim Brosnan, Attorney at Law, Oakland, CA, for Defendant–Appellant.

Before: O'SCANNLAIN, LEAVY, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Angel Peña appeals the sentence imposed after he pleaded guilty to violating 21 U.S.C. §§ 841 and 846, conspiring to distribute methamphetamine. Peña received the mandatory minimum ten-year sentence provided by § 841(b)(1)(A) because the conspiracy related to possession of more than 50 grams of methamphetamine.[1] Peña argues that the district

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

court erred in sentencing him because (1) he did not admit that the amount of drugs was more than 50 grams, (2) the court should have treated the statutory minimum as advisory, and (3) the court failed to consider factors required by 18 U.S.C. § 3553(a). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Peña's assertion that he never admitted to the amount of drugs involved is not supported by the record. Although Peña initially stated that he did not know how much methamphetamine there was, when the court asked if "the conspiracy related to 298 grams of ... methamphetamine," Peña responded "Yes." Because the conspiracy related to more than 50 grams of methamphetamine, by Peña's admission, the court properly determined the minimum sentence to be ten years.

Peña next argues that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), gave courts discretion to depart from mandatory minimum sentences. However, this argument is precluded by our precedent. *See United States v. Dare*, 425 F.3d 634 (9th Cir.2005) (holding that *Booker* did not affect mandatory minimum sentences).

Finally, Peña contends that the court failed to consider factors required by 18 U.S.C. § 3553(a). We have held that sentencing courts need only consider relevant § 3553(a) sentencing factors. *United States v. Montgomery*, 462 F.3d 1067, 1071 (9th Cir.2006). Where, as here, the prosecution requests no higher sentence than the statutory minimum and the district court imposes the minimum, there is no need for the court to address § 3553(a)

\* The Honorable Barry Ted Moskowitz, United States District Court Judge for the Southern

factors because they are not relevant to determining the sentence.

We AFFIRM.