**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0217n.06
Filed: April 24, 2008

**No. 06-1928**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KYLE GREGORY NELSON, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  DAUGHTREY and SUTTON, Circuit Judges; POLSTER,[*] District Judge.

   **PER CURIAM.**  In this sentencing appeal, defendant Kyle Gregory Nelson claims that the district court erred by imposing a mandatory-minimum sentence of 120 months under 18 U.S.C. § 924(c)(1)(A)(iii), following his guilty plea to the charge of using, carrying, and discharging a firearm during and in the course of an attempted robbery.  The plea was entered pursuant to an agreement with the government in exchange for the entry of a superceding information that omitted the additional charge of attempted armed robbery.  Nelson now claims that, despite the fact that he was charged under subsection (iii) and pleaded guilty to that same provision, he should have been sentenced under subsection (ii) of the statute.   We find no reversible error and affirm.

---

   [*]The Hon. Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

The statute in question provides that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . shall, in addition to the punishment provided for such crime . . . (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." 18 U.S.C. § 942(c)(1)(A). The defendant now contends that because the gun he was admittedly "brandishing" during the attempted robbery was discharged inadvertently – a fact that the government was willing to concede at Nelson's guilty plea hearing – the record fails to establish the requisite *mens rea* for a mandatory-minimum sentence of 10 years under subsection (iii). Instead, he insists, he should have been sentenced under subsection (ii) of the statute.

In support of this argument, Nelson relies on two recent cases in which sister circuits have found that general intent, at least, is necessary to support sentencing under subsection (iii). Both the D.C. Circuit and the Ninth Circuit consider "an intent requirement [to be] implicit in the discharge provision." *United States v. Brown*, 449 F.3d 154, 155 (D.C. Cir. 2006) (the subsections "penalize increasingly culpable or harmful conduct" and because subsections (i) and (ii) both require intent, reading a *mens rea* requirement into the third subsection's "discharge provision would be consistent with this progression"); *see also United States v. Dare*, 425 F.3d 634, 641 n.3 (9th Cir. 2005) (noting, without analysis, that "discharge" requires a general intent). On the other hand, two other circuit courts have

reached the opposite conclusion, creating a circuit split. *See United States v. Dean*, ___ F.3d ___, No. 06-14918, 2008 WL 441602, at *5 (11th Cir. Feb. 20, 2008) (rejecting *Brown*'s progression analysis); *United States v. Nava-Sotelo*, 354 F.3d 1202, 1204-05 (10th Cir. 2003) (under the plain language of subsection (iii), a 10-year minimum sentence is mandatory even if the discharge was accidental or involuntary). In finding that proof of *mens rea* is not required under subsection (iii), the Tenth and Eleventh Circuits focused on a Supreme Court decision, *Harris v. United States*, 536 U.S. 545 (2002), in which the Court held that section 924(c)'s brandishing and discharge provisions are "sentencing factors to found by the judge, not offense elements to be found by the jury." *Id.* at 556. Those two courts have concluded that "[a]s a result, no mens rea is required." *Nava-Sotelo*, 354 F.3d at 1206; *see also Dean*, 2008 WL 441602, at *4 (subsection (iii) "is a sentence enhancement and merely reflects factors that will enhance sentencing, not elements of an offense").

The *mens rea* issue is one on which the Sixth Circuit has not taken a position. It is not one on which we are in a position to rule in this case, however. In the first place, although the defendant maintained below that he discharged his firearm inadvertently, beyond his statement to the district court that the weapon fired "accidentally," he raised no contemporaneous objection to imposition of sentence under subsection (iii). Hence, he could assign no more than plain error on appeal. But in the absence of Sixth Circuit precedent and in the face of a clear circuit split, we are prevented from finding plain error.

*See United States v. Barrow*, 118 F.3d 482, 492 (6th Cir. 1997) ("[I]n light [of] the circuit split regarding [this legal issue] and the lack of definitive precedent in this Circuit, the error was not 'plain.'").

Moreover, in this case the defendant was charged with violating section 924(c)(1)(A)(iii), agreed to plead guilty under subsection (iii) in return for concessions from the government, and did in fact plead guilty under that subsection. It thus appears that there is no basis for his challenge to the sentence imposed by the district court, nor an adequate basis on which to decide the question of first impression ostensibly presented by this appeal.

The judgment of the district court is AFFIRMED.