FILED

DEC 17 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10411 |
| Plaintiff - Appellee, | D.C. No. 2:03-cr-00350-LRH |
| v. | |
| COURTNEY JONES, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 17, 2009 [**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Courtney Jones appeals from the district court's order denying his 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence. We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

SZ/Research

Jones contends that the district court violated his Sixth Amendment right to due process by considering prison conduct when denying his 18 U.S.C. § 3582(c)(2) motion because the conduct was not proven by a preponderance of the evidence. Assuming that the Government was required to meet this burden, the record reflects that the burden was met. *See generally United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) (recognizing that, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing").

Jones also contends that the district court violated U.S.S.G. § 6A1.3, by not receiving evidence or issuing findings regarding "the dispute" over the prison violations. Jones never disputed that he possessed the dangerous weapons or any of the conduct relating to the infractions, so there was no factual dispute to resolve. *Cf. United States v. Stoterau*, 524 F.3d 988, 1011-12 (9th Cir. 2008) (holding that the district court did not violate Fed. R. Crim. P. 32(i) when it failed to rule on the reliability of a law enforcement report because the appellant did not contest the factual accuracy of the report).

Jones' motion to strike the original reply brief and file a new reply brief is granted and the new reply brief is deemed filed.

**AFFIRMED.**