**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-30465 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00259-RHW |
| v. | |
| PATRICK HERSHAL STILLER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Robert H. Whaley, District Judge, Presiding

Submitted December 15, 2009[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Patrick Hershal Stiller appeals from the 60-month sentence imposed

following his guilty-plea conviction for sexual abuse of a minor, in violation of

18 U.S.C. §§ 2243(a) and 1153. We have jurisdiction pursuant to 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

JC/Research

§ 1291, and we affirm.

Stiller contends the district court erred by enhancing his sentence based on a finding that the crime involved force, even though this fact was not an element of the crime and was not admitted by Stiller. A preponderance of the evidence supports the district court's finding. *See* U.S.S.G. § 1B1.3(a); *see also United States v. Dare*, 425 F.3d 634, 635-36 (9th Cir. 2005) (holding that defendant's mandatory minimum sentence imposed through judicial factfinding utilizing a preponderance of the evidence standard did not violate the Sixth Amendment).

Stiller also contends that the consideration at sentencing of statements by the victim, witnesses, and medical personnel violated his Sixth Amendment right to confront witnesses. Because the statements bore sufficient indicia of reliability, this contention fails. *See United States v. Ingham*, 486 F.3d 1068, 1076 (9th Cir. 2007); *see also United States v. Littlesun*, 444 F.3d 1196, 1200 (9th Cir. 2006) (stating that federal law is clear that a judge may consider hearsay information in sentencing a defendant).

**AFFIRMED.**