FILED

JUN 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30229 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00075-SEH |
| v. | |
| ERROL ARAM MANN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Errol Aram Mann appeals from the 235-month sentence imposed following his guilty-plea conviction for being a felon and armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Mann contends that the district court violated his Sixth Amendment rights by basing his sentence on a fact that he did not admit and that was not found by a jury beyond a reasonable doubt, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mann's Sixth Amendment rights were not violated because his sentence was not increased beyond the prescribed statutory maximum. *See United States v. Rosas*, 615 F.3d 1058, 1065 (9th Cir. 2010) ("In order to bring an *Apprendi* claim, the defendant must show that the actual sentence imposed [is] longer than the maximum sentence for the crime of conviction.") (internal quotation marks omitted); *United States v. Bland*, 961 F.2d 123, 128 (9th Cir. 1992) (holding that the district court did not err in determining that section 924(e) authorized a sentence of life imprisonment without possibility of parole).

Mann also contends that the district court erred when it calculated his guidelines range using an offense level of 34, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), because there was insufficient evidence to show that he possessed the firearm in connection with the burglary. The record indicates that the district court did not err when it determined, by a preponderance of the evidence, that Mann possessed the firearm in connection with the burglary. *See* U.S.S.G. § 4B1.4(b)(3)(A); *United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) ("As a general rule, the preponderance of the evidence standard is the

10-30229

appropriate standard for factual findings used for sentencing."); *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008) (holding that a 2-level enhancement did not have an extremely disproportionate effect on the sentence).

**AFFIRMED.**