# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 04-2587

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANDRE JONES,

*Defendant-Appellant.*

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 01 CR 967—**Harry D. Leinenweber**, *Judge.*

———————

ARGUED FEBRUARY 16, 2005—DECIDED AUGUST 11, 2005

———————

Before EASTERBROOK, WOOD, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* This armed bank robbery case
raises the issue of whether the imposition of a mandatory
minimum sentence based upon judicial fact-finding remains
constitutional after *United States v. Booker*, 125 S. Ct. 738
(2005). The defendant also argues that the district court's
jury instructions constructively amended the indictment
and that the evidence was insufficient to convict him.

We affirm. In *Harris v. United States*, 536 U.S. 545
(2002), the Supreme Court held that the rule of *Apprendi v.
New Jersey*, 530 U.S. 466 (2000), does not apply to man-

datory minimum penalties. *Booker* extended the *Apprendi* rule to the Federal Sentencing Guidelines but did not alter *Harris*'s treatment of statutory mandatory minimums. *See United States v. Duncan*, No. 04-1916, 2005 WL 1540249, at *2 (7th Cir. July 1, 2005). We also conclude that the evidence was sufficient to convict and the jury instructions did not constructively amend the indictment.

## I. Background

Andre Jones started working at the Continental Community Bank in Maywood, Illinois, in 1997. He worked his way up to junior accountant and was eventually transferred to the bank's branch in Villa Park, Illinois. In February 2001, having just been trained on the electronic money transfer system the bank used for its vendor payments, Jones initiated a scheme of fraudulent electronic transfers to fictitious vendors, splitting the proceeds with an accomplice, Jeptha McDaniel. All told, Jones and McDaniel managed to embezzle nearly $83,000 of the bank's money before an investigation was launched. In August 2001, after learning that he was under investigation, Jones stopped showing up at work.

In early November 2001, Jones and McDaniel decided to steal the bank's money using a more direct method— armed robbery. At about 6:30 a.m. on November 8, 2001, McDaniel entered Continental's Maywood branch and pointed a gun at the security officer, Thomas Duffy. Duffy, though elderly and possessed of a heart condition, did not submit; he began to struggle with McDaniel, at which point Jones entered the bank and told McDaniel to shoot Duffy if he did not acquiesce. In the meantime, McDaniel had taken Duffy's gun, and he gave one of the two guns to Jones. While McDaniel held Duffy at gunpoint, Jones retrieved a "money cart" but could not open it. The two decided to take the entire money cart, and McDaniel began pushing it toward the rear door of the bank while Jones "covered" Duffy with the gun.

Before they could escape with the money cart, Officer David Harris of the Maywood Police Department arrived on the scene. As Jones and McDaniel fled the bank, one of them fired a shot at Officer Harris. Duffy and Harris identified Jones as the robber who fired the shot; Jones denied this. Harris returned fire, but Jones and McDaniel managed to escape. They were later apprehended; Jones was charged with attempted bank robbery, use of a firearm during a crime of violence, and bank fraud.[1] He was convicted after a jury trial.

At sentencing the district court adopted the findings contained in the presentence report, which included a finding that Jones had discharged the firearm during the course of the attempted robbery. Accordingly, the court imposed the mandatory minimum ten-year term that applies to use of a firearm during a crime of violence if the firearm is discharged. *See* 18 U.S.C. § 924(c)(1)(A)(iii) (specifying a mandatory minimum sentence of ten years if a firearm is discharged during a crime of violence). The district court also imposed concurrent 37-month terms on the attempted bank robbery and bank fraud counts, consecutive to the mandatory minimum ten-year term. Jones appeals only his conviction for use of a firearm and the mandatory minimum ten-year sentence imposed upon the district court's finding that he had discharged the firearm.

## II. Discussion

Count Two of the indictment charged Jones with violating 18 U.S.C. § 924(c)(1)(A), which provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other

---

[1]  McDaniel was also charged with these crimes as well as being a felon in possession of a firearm. He pled guilty.

provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—

> (i) be sentenced to a term of imprisonment of not less than 5 years;

> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Attempted bank robbery qualifies as a "crime of violence." *See* 18 U.S.C. §§ 924(c)(3)(A)-(B) and 2113(a).

## A.  Sufficiency of the evidence

Jones argues first that the district court erred in denying his postverdict motion for judgment of acquittal based on insufficiency of the evidence to convict him under § 924(c)(1)(A). He has a steep burden. We review the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *United States v. Jones*, 371 F.3d 363, 365 (7th Cir. 2004). The evidence is sufficient to convict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *Jones*, 371 F.3d at 366.

Jones claims there was insufficient evidence for the jury to find that he discharged the gun during the attempted robbery; he says the evidence established only that a shot was fired and no one was hit, but did not establish who fired the gun. This argument is well wide of the mark. The government did not need to prove that Jones *discharged* a

firearm to convict him of violating § 924(c)(1)(A), only that he *used* or *carried* one during the crime, and of that there was ample evidence. Duffy, the security guard, testified that both robbers used and carried guns. Jones himself admitted that he "carried" a gun during the robbery, and the security cameras confirmed as much. Setting aside the issue of who fired the shot at Officer Harris, there was sufficient evidence to support the verdict that Jones "used or carried" a gun during a crime of violence.[2] The judge's finding at sentencing that Jones discharged the firearm is relevant to Jones's challenge to the imposition of the statutory mandatory minimum sentence, which we address below.

### B. Constructive amendment of the indictment

Jones also argues that the district court's jury instructions constructively amended the charges contained in the indictment. He did not object to the instructions as given, so our review is for plain error. *United States v. Colvin*, 353 F.3d 569, 577 (7th Cir. 2003); *United States v. Cusimano*, 148 F.3d 824, 828 n.3 (7th Cir. 1998). Constructive amendment of the indictment can occur "when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *Cusimano*, 148 F.3d at 829 (quoting *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994)). A jury instruction that constructively amends the indictment implicates the defendant's right to

---

[2] The jury was instructed that "use" of a firearm meant active employment of the firearm in some way related to the crime being committed. *See Bailey v. United States*, 516 U.S. 137, 148 (1995) ("use" includes "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire a firearm").

have the grand jury's charges control the offenses actually tried—"a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). Thus, the question is whether the jury instructions used here allowed a conviction based on charges not contained in the indictment.

Count Two of the indictment charged that Jones "used, carried, brandished, and discharged a firearm, during and in relation to the commission of a crime of violence, namely bank robbery." The jury instruction, however, used the disjunctive, not the conjunctive; the jury was instructed that it should find the defendant guilty if he "knowingly used or carried a firearm," and that " '[u]se' may include brandishing, displaying, making reference to a firearm in the defendant's possession, or firing a firearm." Jones argues that the substitution of "or" for "and" constructively amended the charges contained in the indictment.

Jones's argument is foreclosed by logic and by our decision in *United States v. Muebl*, 739 F.2d 1175 (7th Cir. 1984). A grand jury that charged Jones with "using, carrying, brandishing, *and* discharging the firearm" must necessarily have found probable cause that Jones committed *each* of those four actions. The jury instruction allowing the jury to find guilt based upon any *one* of those actions thus did not impermissibly broaden the scope of the indictment. In *Muebl*, we addressed at length a similar conjunctive/ disjunctive constructive amendment argument. There, the defendant was indicted for conspiracy to distribute, dispense, and possess with intent to distribute marijuana, cocaine, *and* methaqualone, in violation of 21 U.S.C. § 841(a)(1).

As in the present case, the district court in *Muelbl* had instructed the jury that it could convict if it found the defendant was a member of a conspiracy to distribute,

dispense, or possess with intent to distribute marijuana, cocaine, *or* methaqualone. We rejected the defendant's constructive amendment argument, holding that "when the grand jury indicted the defendant for conspiracy to violate federal drug laws with regard to these three drugs[,] . . . it also charged a conspiracy to distribute and possess with intent to distribute each of these drugs individually." *Id.* at 1181. In other words, the violation for one drug was a subset of the indictment for all of the drugs; the jury instruction's use of the word "or" was implicitly subsumed by the indictment's "and," and the jury instructions therefore did not impermissibly broaden the scope of the indictment. The same is true here. *See also Griffin v. United States*, 502 U.S. 46, 56 (1991); *United States v. Durman*, 30 F.3d 803, 810 (7th Cir. 1994) ("'[T]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any of the acts charged.' . . . This rule extends to a trial court's jury instructions in the disjunctive in the context of a conjunctively worded indictment.") (quoting *United States v. Cusumano*, 943 F.2d 305, 311 (3d Cir. 1991)).

### C. Mandatory minimum sentence

Finally, Jones takes issue with the imposition of the ten-year mandatory minimum sentence required by § 924(c)(1)(A)(iii). As noted above, the statute specifies graduated mandatory minimums depending on whether a defendant uses or carries (5 years), brandishes (7 years), or discharges (10 years) a firearm during a crime of violence. The district court adopted the findings in the presentence report, which included a finding that Jones had discharged the firearm. This finding was supported by the testimony of Duffy and Harris, both of whom identified Jones as the robber who

fired the gun at Harris. The court accordingly imposed the ten-year mandatory minimum sentence pursuant to § 924(c)(1)(A)(iii).

Jones argues for the first time on appeal that the imposition of the mandatory minimum sentence based upon facts found by the judge deprived him of his right to trial by jury. Plain-error review applies, and Jones has not developed his argument much beyond the invocation of *Booker*. The Supreme Court's decision in *Booker* applied the rule of *Apprendi* and *Blakely v. Washington*, 542 U.S. 296 (2004), to the Federal Sentencing Guidelines and found a Sixth Amendment violation:

> [W]e reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Booker*, 125 S. Ct. at 756. The remedial opinion in *Booker* severed the provision in the Sentencing Reform Act that made the Guidelines mandatory, rendering them advisory. *Id.* at 756-57. Although *Booker* invalidated the mandatory application of the Sentencing Guidelines, the decision did not disturb the Supreme Court's recent precedent regarding the constitutionality of statutory mandatory minimum penalties.

In 2002 the Court specifically addressed the impact of *Apprendi* on statutory mandatory minimums under 18 U.S.C. § 924(c)(1)(A), the same statute at issue here. *Harris*, 536 U.S. at 550. Justice Kennedy's plurality opinion in *Harris*[3] explained the distinction between fact-finding that sets mandatory minimums and fact-finding that directs the

---

[3] Justice Kennedy was joined by Chief Justice Rehnquist, Justice O'Connor, and Justice Scalia.

application of mandatory sentencing factors used to increase a sentence:

> *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding.

*Harris*, 536 U.S. at 557. Fourteen years before *Apprendi*, in *McMillan v. Pennsylvania*, 477 U.S. 79, 87-88 (1986), the Court had rejected a constitutional challenge to mandatory minimum penalties. Justice Kennedy's plurality opinion in *Harris* reaffirmed *McMillan* and distinguished *Apprendi*:

> The factual finding in *Apprendi* extended the power of the judge, allowing him or her to impose a punishment exceeding what was authorized by the jury. The finding in *McMillan* restrained the judge's power, limiting his or her choices within the authorized range. It is quite consistent to maintain that the former type of fact must be submitted to the jury while the latter need not be.

*Harris*, 536 US. at 567. Justice Breyer concurred in *Harris*, disagreeing that *Apprendi* could be "easily distinguish[ed]" but joining the plurality "to the extent that it holds that *Apprendi* does not apply to mandatory minimums." *Id.* at 569 (Breyer, J., concurring).

Although there may be some tension between *Booker* and *Harris*, the Supreme Court's extension of the *Apprendi* rule in *Booker* does not enlarge the underlying constitutional argument, which was duly considered by the Court in *Harris*. The distinction drawn by the Court in *Harris* ap-

pears to have survived—that is, that judicially found facts used to set minimum sentences are not properly deemed "elements" of the offense for Sixth Amendment purposes because the jury's verdict authorizes the judge to impose the minimum sentence with or without the judicial fact-finding. *See Duncan*, 2005 WL 1540249, at *2 ("nothing in *Booker* . . . suggests that the Court reconsidered, much less overruled, its holding in *Harris*"); *Wilson v. United States*, No. 03-3398, 2005 WL 1661264, at *2 (7th Cir. July 18, 2005); *United States v. Rivera*, 411 F.3d 864, 866 (7th Cir. 2005) (judges may continue to find facts that set a statutory minimum sentence "even after *Apprendi*") (citing *Harris*, 536 U.S. 545 (2002)). In any event, to the extent that *Booker* has unsettled *Harris*, it is the Supreme Court's prerogative—not ours—to say so. *State Oil Co. v. Khan*, 522 U.S. 3, 20 (1997); *Duncan*, 2005 WL 1540249, at *3.

Here, although the district court's finding that Jones discharged the firearm increased the applicable mandatory minimum sentence, the jury's verdict authorized the judge to impose any sentence up to the maximum of twenty years in prison. *See* 18 U.S.C. § 2113(a). Under *Harris*, which the Supreme Court did not disturb in *Booker*, imposition of the ten-year mandatory minimum sentence for violation of § 924(c)(1)(A)(iii) did not violate the Sixth Amendment.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

 

                    _____

                    *Clerk of the United States Court of Appeals for the Seventh Circuit*