UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted November 14, 2005
Decided November 28, 2005

Before

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2132

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>v.<br><br>JOSEPH H. POOLE,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division<br><br>No. 04 CR 50003<br><br>Philip G. Reinhard,<br>*Judge.* |

ORDER

A jury found Joseph Poole guilty of armed bank robbery, 18 U.S.C.
§ 2113(a), (d); using and carrying a firearm during that robbery, *id.* § 924(c)(1)(A);
and aiding and abetting a second armed bank robbery, *id.* § 2113(a), (d). The
district court deemed the sentencing guidelines advisory and, after assigning Poole
a total offense level of 31 for the two bank robberies and a criminal history category
of IV, imposed concurrent sentences of 188 months on the robberies, and a
mandatory consecutive sentence of 84 months on the § 924(c) count. Appointed
counsel filed a notice of appeal, but now seeks to withdraw under *Anders v.
California*, 386 U.S. 738 (1967), because he cannot find a nonfrivolous issue to
present. Counsel's *Anders* brief is facially adequate, and Poole has not responded to

our invitation under Circuit Rule 51(b) to comment on counsel's submission. Thus, our review is limited to those potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

We first consider whether Poole could challenge his three convictions based on the sufficiency of the evidence. We review the evidence of a defendant's guilt in the light most favorable to the government and will uphold a jury's verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). To convict Poole of armed bank robbery as a principal, the government was required to show that he took or tried to take the institution's funds by force or intimidation, and that he used a dangerous weapon to assault or jeopardize the life of another during the robbery. *See* 18 U.S.C. § 2113(a), (d); *United States v. Robinson*, 161 F.3d 463, 471 (7th Cir. 1998). To convict Poole of the same crime under a theory of aiding and abetting, the government was required to prove "not only that [he] knew a bank robbery would occur, but also that a weapon would likely be used in the crime." *See United States v. Woods*, 148 F.3d 843, 846 (7th Cir. 1998). Finally, to convict Poole under § 924(c) as charged in the indictment, the government had to establish that he used or carried a gun during and in connection with the first robbery. *See United States v. Jones*, 418 F.3d 726, 729 (7th Cir. 2005); *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003).

We agree with counsel that in this case an argument about the sufficiency of the evidence would be frivolous. Regarding the first robbery and Poole's use of a gun during that robbery, a bank teller testified that Poole displayed a gun and took money from her. An associate of Poole's, who was not involved in the robbery but was convicted of nine other robberies, testified that Poole contacted him shortly after the crime and related details of the robbery, including his attempts to use the money that had been stained by a dye packet by spending it in vending machines. The government also presented the testimony of the merchants who recovered the dye-stained money from the machines they operated, corroborating the testimony of Poole's associate. As to the second robbery, two bank employees testified that they believed Poole was one of the three men who participated in the robbery. Poole's accomplice, who pleaded guilty, testified that Poole helped plan the robbery and drove one of the getaway cars. Finally, the former girlfriend of Poole's accomplice testified to seeing Poole and the other two robbers with large sums of money after the robbery, corroborating the accomplice's testimony. These witnesses, among many others, prevent Poole from arguing that the record is devoid of evidence to support the jury's finding of guilt, *see Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) (testimony of single eyewitness is sufficient to establish guilt); *United States v. Williams*, 298 F.3d 688, 692 (7th Cir. 2002) (conspirator's testimony sufficient to prove that conspiracy existed).

We next consider whether Poole could challenge the district court's denial of his motion to sever the trial of the two robberies, which were committed more than a year apart. Our review would be for abuse of discretion. *See United States v. Jenkins*, 419 F.3d 614, 620 (7th. Cir. 2005). Federal Rule of Criminal Procedure 8(a) permits the joinder of multiple offenses "if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two more actions or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Though Poole's armed robbery charges were properly joined under Rule 8, *see, e.g., United States v. Rollins*, 301 F.3d 511, 517-18 (7th Cir. 2002), he argued prior to trial that the two counts should be severed under Federal Rule of Criminal Procedure 14, which permits a district court to sever properly joined charges if a single trial would prejudice the defendant. *See* Fed. R. Crim. P. 14(a). On appeal, "a defendant must demonstrate that the denial of severance caused him 'actual prejudice' that deprived him of his right to a fair trial; it is insufficient that separate trials would have given a defendant a better opportunity for an acquittal." *Rollins*, 301 F.3d at 518; *see also United States v. Souffront*, 338 F.3d 809, 831 (7th Cir. 2003). But, as counsel observes, Poole cannot. As counsel explains, Poole's trial took only four days. The evidence, including eyewitness and accomplice testimony, was presented in a chronological fashion and was not complex. Poole, then, was not prejudiced by the joinder of his charges into a single trial; to argue otherwise would be frivolous.

Finally, we consider whether any grounds exist to challenge Poole's prison terms, which the district court imposed under an advisory guideline regime in accordance with the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). We will uphold a sentence that is reasonable, *id.* at 765; *United States v. Tedder*, 403 F.3d 836, 844 (7th Cir. 2005), and any sentence that is within a properly calculated guideline range is presumptively reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel first questions whether Poole might argue that the district court erred by increasing his offense level under U.S.S.G. § 3C1.1 for obstruction of justice, based only on a preponderance of the evidence. But the import of *Booker* is that sentencing facts under the now-advisory guidelines regime "do not determine the actual sentence" imposed and thus do not need to be proved beyond a reasonable doubt. *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). Next counsel asks whether Poole could challenge the reasonableness of his sentence. The district court, after taking into consideration the factors in 18 U.S.C. § 3553(a), calculated Poole's advisory guideline range (which counsel concedes is correct) and sentenced him to a total of 272 months. It would be frivolous for Poole to argue that his sentence for the § 924(c) count, which is the minimum term required by

§ 924(c)(1)(A)(ii), is unreasonable. *See United States v. Henry*, 408 F.3d 930, 935 (7th Cir. 2005); *United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005). And his concurrent terms for the robberies are within his guideline range and thus presumptively reasonable. *See Mykytiuk*, 415 F.3d at 608. Counsel is unable to construct a plausible argument to rebut the presumption of reasonableness, and we similarly see no basis in the record to doubt the reasonableness of the robbery sentences. We accordingly agree with counsel that any sentencing challenge would be frivolous.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.