NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 1, 2007
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-2363

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>DAVID L. REYNOLDS,<br>*Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division<br><br>No. 1:04CR017(1)TLS<br><br>Theresa L. Springmann,<br>*Judge*. |

**O R D E R**

Police sent an undercover officer to make a controlled buy of crack from David Reynolds.  Perhaps becoming suspicious of his buyer's identity, Reynolds, while moving his gun from side-to-side on a table in front of him, demanded that the undercover officer taste some of the drugs.  The officer stalled and sent out a distress signal to the surveillance team.  Other officers then stormed the house where the controlled buy was taking place and found over 15 grams of crack, the gun, and Reynolds hiding in the bathroom with some of the marked money from the buy floating in the toilet.  After a jury trial Reynolds was convicted of possession with intent to distribute cocaine base, distribution of cocaine base, and using a firearm during a drug trafficking crime.  *See* 21 U.S.C. § 841(a)(1); 18 U.S.C.

§ 924(c)(1)(A).  For the drug convictions, the court sentenced him within the guidelines range to 87 months' imprisonment, and for the firearm conviction, the court sentenced him to a consecutive seven-year term of imprisonment, the mandatory minimum under § 924(c)(1) when a gun has been brandished.  The court also sentenced him to concurrent terms of supervised release: four years for possession with intent to distribute the drugs and three years each for the two remaining convictions.  Reynolds filed a timely notice of appeal, but his appointed counsel now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal.  *See Anders v. California*, 386 U.S. 738 (1967).  We invited Reynolds to respond to counsel's motion, *see* CIR. R. 51(b), but he has not done so.  We confine our review to the potential issues identified in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether there was sufficient evidence presented at trial to support the convictions.  Since Reynolds never moved for a judgment of acquittal, *see* FED. R. CRIM. P. 29, we would review such a claim for plain error, reversing only if allowing the conviction to stand would result in a "manifest miscarriage of justice."  *United States v. Williams*, 298 F.3d 688, 692 (7th Cir. 2002).  The undercover officer testified that Reynolds and a co-defendant both gave him crack in exchange for $300, and that Reynolds displayed a gun while he demanded that the officer taste the drugs.  On the strength of this evidence, we agree with counsel that a potential challenge would be frivolous.

Noting that the district court properly calculated the guidelines imprisonment range for his drug offenses, counsel next considers whether Reynolds could argue that the court should have sentenced him below that range.  The concurrent prison terms for the drug convictions are within the range and presumed reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel can identify no error in the district court's analysis of the relevant factors under 18 U.S.C. § 3553(a).  But whether or not we applied the presumption here, we would conclude, as does counsel, that it would be frivolous for Reynolds to argue that his overall prison term on the drug counts is unreasonable.  *See United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754) (granting writ of certiorari to decide whether it is consistent with *United States v. Booker*, 543 U.S. 220 (2005), to accord presumption of reasonableness to sentence within guidelines range).  We recently noted that sentencing courts must consider serious arguments for imposing a sentence below the guidelines range, *United States v. Gama-Gonzalez*, 469 F.3d 1109, 1111 (7th Cir. 2006), but in the district court Reynolds made no argument whatsoever.  Even ignoring the presumption, then, we would still agree with counsel that a reasonableness argument concerning the drug counts would be frivolous.  *See United States v. Filipiak*, 466 F.3d 582, 584 (7th Cir. 2006).

Counsel also frames a similar argument about the reasonableness of his

seven-year consecutive prison term for using a gun during the drug deal.  But counsel correctly concludes that this potential argument would be frivolous because the statute of conviction requires a minimum sentence of seven years' imprisonment if the gun was brandished, 18 U.S.C. § 924(c)(1)(A)(ii), and further requires the sentence to run consecutively with any other term of imprisonment, *id.* at § 924(c)(1)(D)(ii). *See United States v. Roberson*, No. 06-1121, 2007 WL 102989, at *1 (7th Cir. Jan. 17, 2007); *United States v. Jones*, 418 F.3d 726, 731 (7th Cir. 2005).

Next, counsel asks whether Reynolds might argue that the district court erred when it imposed a total of four years' supervised release, but counsel correctly concludes that such an argument would be frivolous.  Reynolds received the four-year statutory minimum term of supervised release for possession with intent to distribute 15 grams of crack, *see* 21 U.S.C. § 841(b)(1)(B)(iii), and the three-year statutory minimum term for distribution of less than 5 grams of crack, *see id.* § 841(b)(1)(C).  And the three-year term of supervised release for Reynold's firearm convictions falls within the statutory limit.  *See* 18 U.S.C. § 3583(b), 3559(a)(4).

Finally, counsel considers whether Reynolds might argue that the lawyer who represented him at sentencing was ineffective because he never advocated that the district court go below the guidelines range in sentencing him on the drug counts.  But appellate counsel properly concludes that an ineffective-assistance claim would be better raised in a collateral proceeding under 28 U.S.C. § 2255 where Reynolds could present additional supporting evidence.  *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.