NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021
Decided January 27, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2762

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:17CR130-001 |
| KENNETH R. MORRISON, *Defendant-Appellant*. | Philip P. Simon, *Judge*. |

**O R D E R**

Kenneth Morrison dismantled an unused railroad bridge in Indiana and sold it as scrap metal in Illinois. A jury found him guilty of transporting stolen property in interstate commerce. 18 U.S.C. § 2314. The judge imposed a within-guidelines sentence of 24 months in prison, followed by two years of supervised release, and ordered Morrison to pay restitution. Morrison appealed, but his appointed counsel asserts that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Morrison has not responded to counsel's motion. *See* CIR. R. 51(b). Because counsel's analysis appears thorough, we limit our review to the subjects she discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

After an unsuccessful motion to dismiss the indictment, Morrison's defense at trial focused on his knowledge of the bridge's legal ownership. A 1987 deed from the

railroad company to the City of Hammond showed that the city owned the bridge. Morrison, who twice tried to buy the bridge from the city before he dismantled it, maintained that the bridge had been abandoned, so he could lawfully remove it. To support his defense, he pointed out that the city did not locate its letter acknowledging receipt of the deed until after Morrison dismantled the bridge, and it did not record the deed until later. He also emphasized the bridge's state of disrepair when he dismantled it. The jury rejected this defense.

Counsel first considers whether Morrison could challenge the denial of his motion to dismiss the indictment and correctly concludes that any challenge would be frivolous. In that motion, Morrison argued that by not offering the grand jury evidence about the city's shoddy recordkeeping regarding its letter acknowledging receipt of the deed, the government misled the grand jury into believing that the city owned the bridge. At best, this argument suggests that the grand jury received incomplete evidence, but that is not a ground for dismissal. *See Bank of Nova Scotia v. United States*, 487 U.S. 250, 260–61 (1988). Moreover, by the time of the relevant testimony, the city had located the letter. Regardless, the jury's guilty verdict—finding that Morrison stole the bridge's metal (because *he* did not own it)—rendered harmless any omission of evidence to the grand jury about the city's recordkeeping. *See United States v. Mechanik*, 475 U.S. 66, 70–71 (1986).

Counsel also examines two other pretrial rulings but rightly concludes that contesting them would be pointless. First, the judge quashed, in part, a subpoena from Morrison for documents. Because the subpoena sought cumulative material and was served just ten days before trial, and nothing reasonably excused the belated service, Morrison could not plausibly argue that the judge abused his discretion. *See United States v. Tokash*, 282 F.3d 962, 967, 971 (7th Cir. 2002). Second, the judge denied Morrison's motion for a bench trial. But the judge could not grant that motion because the government did not consent to it. *See United States v. Williams*, 559 F.3d 607, 609 (7th Cir. 2009).

Next, counsel explores whether Morrison could reasonably raise a claim of evidentiary error. The judge admitted evidence that Morrison did not have a permit to take down the bridge, lied to public officials and his workers about having permission to remove it, and damaged government property while doing so. Counsel properly rejects a challenge to these rulings because this evidence was directly relevant to Morrison's knowledge. The judge also admitted evidence of an email from Morrison suggesting that he knew the bridge was eligible for inclusion in the National Register of

Historic Places. This email too was relevant to his knowledge that the bridge was neither abandoned nor his to dismantle. Under these circumstances, counsel could not raise a plausible argument that the judge was wrong to admit this evidence. *See United States v. Gorman*, 613 F.3d 711, 717, 720–21 (7th Cir. 2010).

Counsel weighs whether Morrison could argue that he was deprived of his right to testify on his own behalf. This argument, too, would be doomed to fail because he unequivocally waived his right to testify. *See United States v. Jones*, 844 F.3d 636, 645–46 (7th Cir. 2016). Morrison initially told the judge that he wanted to testify, but he changed his mind after other witnesses had done so and expressly acknowledged under oath that he changed his position.

Counsel next considers whether Morrison could challenge the jury instructions but correctly concludes that the only preserved argument would be frivolous. During the jury-instruction conference, Morrison unsuccessfully objected to a knowledge instruction given in the disjunctive—it said that the government had to prove his knowledge that the scrap metal was "stolen, converted, *or* taken by fraud." Morrison argued that the instruction constructively amended the indictment, which charged him in the *conjunctive*. But the instruction was not an impermissible variance; the grand jury found probable cause for *each* of the three alternatives. *See United States v. Jones*, 418 F.3d 726, 729–30 (7th Cir. 2005). Counsel correctly concludes that Morrison waived any other challenge to the instructions.

Next, counsel explores whether Morrison could challenge the sufficiency of the evidence. Morrison informed counsel that he would like to argue that the railroad's deed to the city did not convey ownership because the railroad needed permission from the Interstate Commerce Commission to transfer its property. But counsel correctly concludes that this argument is frivolous. As the judge instructed the jury, the government needed to prove that Morrison knew he was depriving "the owner" of the property. *See United States v. Natour*, 700 F.3d 962, 970 (7th Cir. 2012). Here, ample evidence supported the jury's verdict that Morrison knew that "the owner" of the bridge was not him. *See United States v. Maldonado*, 893 F.3d 480, 484–85 (7th Cir. 2018). He tried to buy it from the city twice; he would not have attempted such a purchase if he thought himself the owner. He also told government officials, in referring to the bridge, that he knew that taking stolen property across state lines was illegal—another admission from which the jury could find that Morrison knew someone else owned the bridge.

Counsel also considers whether Morrison could raise any non-frivolous challenge to the calculation of his imprisonment range under the Sentencing Guidelines. But as counsel explains, the judge properly used § 2B1.5(a) to determine Morrison's base offense level because the case involved theft of a cultural heritage resource, defined in part as a historic structure eligible for inclusion on the National Register. *See* U.S.S.G. § 2B1.5, App. Note 1(A)(i) (referencing 54 U.S.C. § 300308 and 36 C.F.R. § 800.16(l)). Unrebutted testimony from a representative from the Indiana Division of Historic Preservation and Archaeology showed that the agency found the bridge eligible for inclusion on the Register in 2008 and again in 2013. And though Morrison would like to challenge enhancements for the value of the bridge ($54,000) and for committing the offense for pecuniary gain, he did not contest the value of the bridge at sentencing, and he sold the metal as scrap for money, obviously a pecuniary gain.

Counsel also explores challenging the substantive reasonableness of Morrison's sentence and properly concludes that doing so would be frivolous. We may presume that his sentence within the guidelines range is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Nothing in the record rebuts that presumption. And his counsel expressly agreed that the judge addressed all his argument in mitigation, waiving any appellate challenge to the adequacy of the judge's explanation. *See United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2013).

Finally, counsel questions whether Morrison could make a nonfrivolous argument that his trial counsel was ineffective. That argument, however, is better saved for collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Cates*, 950 F.3d 453, 456–57 (7th Cir. 2020).

We GRANT counsel's motion to withdraw and DISMISS the appeal.