UNITED STATES of America,
Plaintiff—Appellee,

v.

Jack Grant JEAKINS, Defendant—
Appellant.

No. 05–30454.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2006.*

Decided June 9, 2006.

Michael J. Lang, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert H. Gombiner, Esq., Nancy D. Tenney, Esq., FPDWA–Federal Public Defender's Office, Western District of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Washington, Seattle, WA, for Defendant–Appellant.

Before TALLMAN and BYBEE, Circuit Judges, and HUFF,** District Judge.

MEMORANDUM ***

Jack Grant Jeakins appeals the district court's Order on Remand following a reconsideration of his sentence pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc). He also reasserts sentencing claims raised in his first appeal to this Court but not addressed in our prior disposition. *See United States v. Jeakins*, No. 04–30014 (9th Cir. June 30, 2005). The parties are familiar with the facts and procedural history.

■ We affirm the district court's interpretation and application of the Sentencing Guidelines. The district court properly interpreted the Guidelines and grouped the offenses under U.S.S.G. § 3D1.2. It did not abuse its discretion in applying U.S.S.G. § 2A3.2, the "Custody, Care, or Supervisory Control" enhancement under U.S.S.G. § 2A3.2(b)(1), or the "Using a Minor" enhancement under U.S.S.G. § 3B1.4. Even if the district court abused its discretion in applying a base offense level of 24 to Count Seven, such error was harmless as the total offense level would remain the same. The 168–month sentence, including the four-year upward departure, was reasonable given the repetitive sexual abuse suffered by the victim over a lengthy period of time—factors not adequately addressed by the Sentencing Guidelines.

■ The district court was not required to calculate the Sentencing Guidelines or apply the upward departure using facts found beyond a reasonable doubt. At the time of sentencing, the maximum sentence "authorized by the facts established by a[n] ... [adverse] jury verdict" under 18 U.S.C § 2423 was 15 years in prison. *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The district court did not exceed this maximum sentence and may find facts used to calculate the sentence by a preponderance of the evidence. *See United States v. Dare*, 425 F.3d 634, 640 (9th Cir.2005).

■ The limited remand hearing conducted by the district court pursuant to *Ameline* did not violate the Fifth Amendment. The district court did what we asked it to do on remand—determine whether it would have imposed a materially different sentence had it known that the Sentencing Guidelines were merely advisory. It answered the question in the negative and no further proceedings were necessary. Despite any temporary misrecollection the court may have expressed during the hearing as to what had transpired in the initial sentencing prior to being corrected by counsel, the hearing on remand was substantively sound and in accordance with *Ameline*.

Finally, Jeakins's ex post facto claims are foreclosed by our decision in *United States v. Dupas*, 417 F.3d 1064 (9th Cir. 2005), and he waived his 18 U.S.C. § 3553(c) claim by not raising it in the district court, or in this Court during his

** The Honorable Marilyn L. Huff, Chief United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

first appeal. *See United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991).

AFFIRMED.