**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Viktor SAVCHENKO, Defendant–Appellant.**

**No. 07–50451.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., San Diego, CA, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

MEMORANDUM **

Viktor Savchenko appeals from the 300–month sentence imposed on resentencing, following his jury-trial conviction for conspiracy to possess cocaine on board a vessel, and possession of cocaine with intent to distribute on board a vessel, both in violation of 46 U.S.C. § 1903(a)(c)(1)(C)(f), and aiding and abetting, in violation of 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Savchenko contends that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by enhancing his sentence based on its own factual findings regarding: (1) the quantity of drugs; and (2) his role as the captain of a vessel carrying a controlled substance. This contention is foreclosed because none of the district court's factual findings raised the statutory maximum sentence set forth in 21 U.S.C. § 960(b). *See United States v. Booker*, 543 U.S. 220, 233–34, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Moreland*, 509 F.3d 1201, 1219–21 (9th Cir.2007).

Savchenko further contends that this Court cannot review his sentence for reasonableness without itself violating *Apprendi*. This contention lacks merit. *See Booker*, 543 U.S. at 261–64, 125 S.Ct. 738; *see also United States v. Dare*, 425 F.3d

634, 641 (9th Cir.2005) (explaining that an intermediate appellate court cannot overrule a decision of the Supreme Court or even anticipate an overruling by the Supreme Court).

■ Finally, Savchenko contends that his sentence is unreasonable because the district court incorrectly focused on imposing a sentence that was "reasonable," rather than one that was "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). We conclude that the district court did not commit procedural error and that Savchenko's sentence is reasonable. *See United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir.2008) (en banc); *see also Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 600–02, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

