**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30231 |
| Plaintiff - Appellee, | D.C. No. 4:08-CR-00128-SEH-1 |
| v. | |
| GENE K. GUARDIPEE, Sr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 3, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

Defendant-Appellant Gene Guardipee, Sr., raises procedural and substantive

challenges to his sentence after pleading guilty to Assault Resulting in Serious

Bodily Injury, in violation of 18 U.S.C. § 113(a)(6). We presume the parties'

familiarity with the facts and do not recount them here except as necessary to

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

"We review the district court's interpretation of the Sentencing Guidelines *de novo*, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Loew*, 593 F.3d 1136, 1139 (9th Cir. 2010) (internal quotation marks omitted).

The district court did not err in applying a four-level enhancement pursuant to § 2A2.2(b)(2)(B) of the Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 2A2.2(b)(2)(B) (2009). The district court properly determined that there was intent to cause bodily injury. *See United States v. Dayea*, 32 F.3d 1377, 1380 (9th Cir. 1994) (holding that § 2A2.2(b)(2)(B) requires intent to injure). The district court's conclusion that Guardipee possessed the requisite intent was not clearly erroneous based on the fact that Guardipee left the location after arguing with the victim, returned with a metal pipe, and struck the victim on the head while he was

2

sleeping.[1]  There was also insufficient evidence to show that Guardipee was not

sufficiently in control of his faculties, or otherwise "too [intoxicated] to form the

requisite intent."  *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003); *accord*

*United States v. Blalock*, 571 F.3d 1282, 1286 (D.C. Cir. 2009) (finding requisite

specific intent for application of sentencing factor despite there being no dispute

that the defendant was high on PCP and had stripped naked in the street in front of

a police station and fired his gun).

In addition, the district court neither committed procedural error at

sentencing nor imposed a substantively unreasonable sentence.  The district court

properly weighed the § 3553(a) factors as well as "listened to [Guardipee's]

arguments and then simply found these circumstances insufficient to warrant a

sentence lower than the Guidelines range."  *United States v. Amezcua-Vasquez*,

567 F.3d 1050, 1054 (9th Cir. 2009) (internal quotation marks and alterations

---

[1] The district court was not required to find intent beyond a reasonable
doubt.  *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) ("As a general
rule, the preponderance of the evidence standard is the appropriate standard for
factual findings used for sentencing."); *United States v. Ameline*, 409 F.3d 1073,
1077–78 (9th Cir. 2005) (en banc) ("Standing alone, judicial consideration of facts
and circumstances beyond those found by a jury or admitted by the defendant does
not violate the Sixth Amendment right to jury trial.  A constitutional infirmity
arises only when extra-verdict findings are made in a mandatory guidelines
system.").

omitted). The 48-month within-Guidelines sentence was not substantively

unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

4