FILED

FEB 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10129 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00898-SRB |
| v. | |
| JOEL MAZARIEGOS-SOTO, a.k.a. Joel Mazariegos-Perez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Joel Mazariegos-Soto appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

one count of conspiracy to commit money laundering, in violation of 18 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1956(a)(1)(B)(i) and (h); and one count of conspiracy to transport and harbor illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), and (v)(I). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mazariegos-Soto contends that the district court improperly restricted his attorney's argument during sentencing, thereby violating Federal Rule of Criminal Procedure 32, 18 U.S.C. § 3553(a), and his rights to due process and the assistance of counsel. Reviewing de novo, *see United States v. Stoterau*, 524 F.3d 988, 1011 (9th Cir. 2008), we conclude that the court did not violate Rule 32 or Mazariegos-Soto's rights because it permitted counsel to argue for a below-Guidelines sentence under the section 3553(a) sentencing factors. *See* Fed. R. Crim. P. 32(i)(1)(C); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

Mazariegos-Soto next argues that the district court erred by applying a nine-level, rather than a six-level, enhancement under U.S.S.G. § 2L1.1(b)(2)(C). Contrary to Mazariegos-Soto's argument, the enhancement did not need to be supported by clear and convincing evidence. *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005). A preponderance of the evidence supports the enhancement. *See id.*

Mazariegos-Soto finally argues that his sentence is substantively unreasonable, in part because the court gave the Guidelines calculation less weight

than the other section 3553(a) factors. The district court did not abuse its discretion in imposing sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Mazariegos-Soto's role in, and the extent of, the conspiracy. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

**AFFIRMED.**