KOZINSKI, Circuit Judge,
dissenting in part:
Joel Leoh Thomas, Jr., barely 24 years old when he was sentenced, will be 73 when he gets out of prison. How did a young man get half a century following a conviction for three bank robberies — two of which he wasn’t present for and none of which resulted in physical harm? The answer is as troubling as it is simple: The district judge misunderstood the scope of his discretion and therefore failed to impose a sentence that is substantively reasonable.
The record leaves no doubt that the district judge believed he lacked discretion to reduce Thomas’s sentence. This is what he said:
When all of these are added together, it is a total sentence of 49 and a half years. My opinion is that is too much. I wouldn’t impose that sentence if I had the discretion. But I don’t.
That is just plain wrong, as the majority holds: “[T]he district court had the discretion to impose a lower sentence.” Maj. Op. at 1206. The majority reads the district judge’s statement that he didn’t “feel comfortable” reducing the sentence as contradicting his express statement that he lacks discretion. Maj. Op. at 1205. But the two statements aren’t inconsistent: The district judge may have felt uncomfortable reducing Thomas’s sentence because he believed he lacked discretion to do so. The judge’s statements, taken together, show pretty clearly that he misunderstood his authority, and “the appropriate remedy is a remand to exercise [his] discretion.” United States v. Khoury, 62 F.3d 1138, 1141 (9th Cir. 1995).
The sentencing judge had no discretion to reduce the mandatory mínimums, but he did have discretion as to the Guidelines portion of the sentence. United States v. Booker, 543 U.S. 220, 245, 125 S.Ct. 738, *1207 160 L.Ed.2d 621 (2005). So this isn’t a case where mandatory minimums made it “impossible for the judge to impose a total sentence that the court considers reasonable.” Maj. Op. at 1205-06 (quoting United States v. Washington, 462 F.3d 1124, 1140 (9th Cir. 2006)). The district judge could have imposed a Guidelines sentence as low as zero months in order to arrive at a substantively reasonable aggregate sentence. See United States v. Dare, 425 F.3d 634, 638, 643 (9th Cir. 2005) (affirming an aggregate sentence of 10 years where the district court imposed a zero-month sentence for marijuana possession to minimize the impact of an “outrageous” mandatory minimum).
Not only may a sentencing judge consider the impact of mandatory minimums, he must do so to ensure that the aggregate sentence imposed is substantively reasonable. The district judge didn’t “feel comfortable reducing the [Guidelines] senténce ... to sort of balance it all out because [he thought 17.5 years was] the right sentence for three bank robberies and three conspiracies to commit bank robberies.” A 17.5 year sentence may be appropriate if the defendant starts serving it today but inappropriate if he starts serving it three decades from now. The judge must consider whether imposing that sentence on someone who has just spent 32 years in prison would serve any of the goals of section 3553(a). Will it deter? Will it rehabilitate? Is it really the lowest sentence that can achieve these purposes? You will get the wrong answers to these questions if you treat the two parts of the sentence— the mandatory minimum portion and the Guidelines portion — as independent and unrelated. The district judge mistakenly believed he was required to calculate the Guidelines portion of the sentence as if it were a stand-alone sentence, rather than as one component of a combined sentence. There is, at the very least; a serious risk that the district judge meant what he said: He imposed a 49.5 year sentence because he believed he had no discretion. This is a major procedural error that requires reversal.
The sentence is also substantively unreasonable. “A substantively reasonable sentence is one that is ‘sufficient, but not greater than necessary’ to accomplish § 3553(a)(2)’s sentencing goals.” United States v. Crowe, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). Thomas’s sentence “fails properly to reflect § 3553(a) considerations.” United States v. Amezcua-Vasquez, 567 F.3d 1050, 1055 (9th Cir. 2009) (citing Rita v. United States, 551 U.S. 338, 351, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)). Consider “the nature and circumstances of the offense”: Thomas was only present for one of the three bank robberies. See 18 U.S.C. § 3553(a). Although this was an armed robbery, Thomas wasn’t the one holding the gun. The other bank robberies — neither of which Thomas was actually present for — resulted in stolen proceeds that didn’t exactly break the bank: $1,678 and $7,191. And none of the bank robberies resulted in physical harm to bank employees or customers. Or consider “the history and characteristics of the defendant”: Thomas’s only prior conviction was a 2009 misdemeanor for loud noise. Id. The district judge summed it up best: Thomas’s criminal history is “very limited.” The “need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct” also weighs in Thomas’s favor given that his co-defendants — all of whom actively participated in the robberies to a greater extent than Thomas — received lesser sentences. Id. Indeed, Thomas got a dozen years more than Ahmed Ressam, who plotted to “blow up LAX, [which] would have resulted in many deaths and injuries, substantial property damage and enormous disruption to the nation’s transportation *1208 system.” See United States v, Ressam, 679 F.3d 1069, 1090 & Dist. Ct. Dkt. No. 458 (9th Cir. 2012) (en banc).
Thomas’s 49.5 year sentence is far “greater than necessary” to accomplish section 3553(a)’s goals. I would remand so that the district judge may exercise his discretion and impose a substantively reasonable sentence.