NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 16-30182 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 1:15-cr-00139-SPW-1 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| NATHEN JEROME ADAMS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted November 7, 2017[**]
Portland, Oregon

Before: FERNANDEZ, W. FLETCHER, and MELLOY,[***] Circuit Judges.

Nathen Jerome Adams appeals his sentence for conspiracy to distribute

explosives without a license. *See* 18 U.S.C. § 844(a), (n); *see also id.* §

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

842(a)(3)(B).  We vacate the sentence and remand.

Adams asserts that the district court committed procedural error[1] when it calculated his U.S. Sentencing Guidelines range by adding four levels to his base offense level[2] on the basis that he had "transferred [an] explosive material with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."[3]  We agree.  When the district court determined that Adams had transferred an explosive (a stick of dynamite) to another person (an undercover agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives) with the requisite mental state at the time he made the transfer and was paid therefor, it clearly erred[4] because there was not sufficient evidence to support that determination.[5]  There was evidence that after the dynamite had been delivered to the buyer and paid for (that is, after the transfer itself had been completed), the agent stated that he would use it for the felonious purpose of

---

[1]*See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

[2]*See* USSG §2K1.3(b)(3).  Unless otherwise indicated all references to the United States Sentencing Guidelines are to the November 1, 2015, version thereof.

[3]*Id.*

[4]*See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc); *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010); *see also United States v. Hinkson*, 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).

[5]*See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005).

blowing up another person's car, and Adams replied: "That'll do it."  However, that exchange did not indicate that Adams knew or had reason to believe that the dynamite would be used in that manner at the time the transfer was completed. Nor did any other evidence suggest that he had that mental state.

Therefore, we VACATE the sentence and REMAND for resentencing.