**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Antonio ERETZA–FLORES,
Defendant—Appellant.**

No. 06–10268.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 15, 2007.

Submitted May 22, 2007.

Filed May 24, 2007.

---

Bradley Giles, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

W. Eric Rau, FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: GOULD and M. SMITH, Circuit Judges, and COVELLO,* District Judge.

## MEMORANDUM **

On December 1, 2005, Antonio Eretza–Flores pled guilty to illegal re-entry in violation of 8 U.S.C. § 1326(a) and assaulting and resisting or impeding a federal officer in violation of 18 U.S.C. § 111(a) and (b), and 18 U.S.C. § 1114. Applying § 2A2.2 of the United States Sentencing Guidelines ("U.S.S.G."), the district court sentenced Eretza–Flores to thirty-eight months in prison and three years of supervised release. Eretza–Flores appeals his sentence. We vacate and remand for re-sentencing.

■ The district court was required to determine whether Eretza–Flores acted with intent to injure as part of its sentencing determination. *See U.S.S.G.* § 2A2.2 (2003). We conclude that the district court did not violate Federal Rule of Criminal Procedure 11 or Eretza–Flores's due process rights by considering at sentencing evidence of Eretza–Flores's intent.

■ Because Eretza–Flores's intent impacts the base offense level calculation rather than the district court's application of a sentencing enhancement, the district court properly applied a preponderance of the evidence standard rather than a clear and convincing standard in determining whether to sentence Eretza–Flores under U.S.S.G. § 2A2.2 or § 2A2.4. *See United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005), *cert. denied,* — U.S. ——, 126 S.Ct. 2959, 165 L.Ed.2d 970 (2006) ("To date, we have applied the 'disproportionate impact' test only in the case of federal guideline sentencing enhancements.").

■ The district court clearly erred in relying on Agent Starnes's testimony to find by a preponderance of the evidence that Eretza–Flores acted with intent to injure. *See United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006) (stating that a district court's factual findings in the sentencing context are reviewed for clear error).

■ The district court also clearly erred by finding that Eretza–Flores committed the assault with intent to commit another felony. The crimes of illegal re-entry and illegally being "found in" the United States were complete before the assault occurred. *See* 8 U.S.C. § 1326(a); *United States v. Vela–Robles,* 397 F.3d 786, 788 (9th Cir. 2005); *United States v. Parga–Rosas,* 238

---

* The Honorable Alfred V. Covello, Senior United States District Judge for the District of Connecticut, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1209, 1213 (9th Cir.2001). The alleged crime of illegally bringing aliens to the United States was also complete before the assault occurred because Eretza–Flores had terminated the act of transportation when the vehicle crashed and the group scattered. *See* 8 U.S.C. § 1324(a); *United States v. Lopez*, 484 F.3d 1186, 1188 (9th Cir.2007) (en banc) (holding that the crime of bringing aliens to the United States is complete when "the initial transporter who brings the aliens to the United States ceases to transport them").

■ Because Eretza–Flores did not act with intent to injure or intent to commit another felony, the district court erred by imposing a sentence under U.S.S.G. § 2A2.2. *See* U.S.S.G. § 2A2.2, app. n. 1 (2003). We vacate Eretza–Flores's sentence and remand for resentencing under U.S.S.G. § 2A2.4.

**VACATED and REMANDED.**