**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>BENJAMIN MORALES,<br><br>    Defendant-Appellant. | No. 18-10485<br><br>D.C. No. 5:17-cr-00589-EJD-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 12, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, and WARDLAW and COLLINS, Circuit Judges.

Benjamin Morales appeals the sentence imposed by the district court for his

conviction, after a guilty plea, of assault on a federal officer under 18 U.S.C.

§ 111(b).[1]  The district court sentenced Morales under U.S.S.G. § 2A2.2,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] The court has been informed that Morales was released from prison on January 8, 2020.  Although he has completed his term of incarceration, Morales is in his first year of a three-year term of supervised release, which could be affected if he were

"Aggravated Assaults," as opposed to U.S.S.G. § 2A2.4, "Obstructing or Impeding Officers," based on a finding by a preponderance of the evidence that Morales acted with the intent to cause bodily injury when he threw a chisel at a car being driven by DEA Special Agent Benjamin Curtis. Morales argues that application of § 2A2.2 rather than § 2A2.4 had a disproportionate impact on his sentence and that the district court therefore should have applied the clear and convincing evidence standard of proof in determining whether Morales intended to cause bodily injury. Morales also contends that his sentence is substantively unreasonable. We affirm the district court's sentence.

1. "[D]ue process is generally satisfied by using a preponderance of the evidence standard to prove sentencing factors that are set forth in the U.S.S.G." *United States v. Jordan*, 256 F.3d 922, 927 (9th Cir. 2001). But "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence." *Id.* at 926. In *United States v. Valensia*, 222 F.3d 1173 (9th Cir. 2000), *vacated and remanded on other grounds*, 532 U.S. 901 (2001), we identified six factors that guide this inquiry. *Id.* at 1182. *Jordan* and *Valensia* recognized that four of these factors

to prevail on appeal and receive a new sentence. Therefore, his appeal is not moot. *See United States v. Verdin*, 243 F.3d 1174, 1177–79 (9th Cir. 2001).

2

(*i.e.*, whether the enhanced sentence exceeds the statutory maximum, undermines the presumption of innocence, rests on a separate offense, or involves a conspiracy) are usually not relevant, and that the analysis thus typically focuses on the last two factors (whether the enhancement increases the number of offense levels by four or less or doubles the initial sentencing guidelines range). *Jordan*, 256 F.3d at 929; *Valensia*, 222 F.3d at 1182–83.

a. The Government argues that the disproportionate-impact test applies only to factual findings underlying sentencing enhancements and not to findings that determine which guideline's *base offense level* to apply. Our memorandum disposition in *United States v. Eretza-Flores*, 233 F. App'x 696 (9th Cir. 2007), addressed the exact question presented here, holding that, "[b]ecause Eretza-Flores's intent impacts the base offense level calculation rather than the district court's application of a sentencing enhancement, the district court properly applied a preponderance of the evidence standard rather than a clear and convincing standard in determining whether to sentence Eretza-Flores under U.S.S.G. § 2A2.2 or § 2A2.4." *Id*. at 697. But *Eretza-Flores* is not precedential, and its reasoning is difficult to square with our decisions in *United States v. Pineda-Doval*, 614 F.3d 1019 (9th Cir. 2010), and *United States v. Mezas de Jesus*, 217 F.3d 638 (9th Cir. 2000). Both of those decisions held that the disproportionate-impact test (and, ultimately, the clear and convincing evidence standard) applied to factual findings

3

underlying the choice between the guideline for the offense of conviction and a different guideline cross-referenced therein. *See Pineda-Doval*, 614 F.3d at 1041 (where defendant was convicted of "transportation of illegal aliens resulting in death," and U.S.S.G. § 2L1.1 instructed the court to apply the second-degree murder guideline in § 2A1.2 if the defendant acted with "malice aforethought," it was plain error not to apply the clear and convincing evidence standard to that "malice aforethought" finding); *Mezas de Jesus*, 217 F.3d at 639–40 (where defendant was convicted of being an unlawful alien in possession of a firearm, and § 2K2.1 instructed the court to apply the more severe sentencing guideline of any offense in connection with which the firearm was possessed (even an uncharged offense), the clear and convincing evidence standard applied to the determination of whether that latter offense was committed). However, we ultimately do not need to resolve this issue, because even applying the disproportionate-impact test here, we conclude that the proper standard of review is preponderance of the evidence.

b. In examining the choice between § 2A2.4 and § 2A2.2, we conclude that application of § 2A2.2 here would not result in a disproportionate impact and thus does not require application of the clear and convincing evidence standard.

As noted earlier, the key factors in applying the disproportionate-impact test are the fifth and sixth *Valensia* factors. The fifth factor asks whether the increase

4

in the number of offense levels is four or less. *Jordan*, 256 F.3d at 928. Here, the application of § 2A2.2 increases Morales's offense level by six levels,[2] and so this factor weighs in favor of applying the clear and convincing standard. The sixth *Valensia* factor asks whether the length of the enhanced sentence more than doubles the length of the sentence authorized by the initial sentencing guideline range. *Jordan*, 256 F.3d at 928. Here, the range changes from 27–33 months to 51–63 months, and so the length of the sentence is not doubled: the low end of 51 months is not more than double the low end of 27 months, and the high end of 63 months is not more than double the high end of 33 months.[3] As a result, the sixth *Valensia* factor favors applying the preponderance of the evidence standard. *See United States v. Pike*, 473 F.3d 1053, 1058 (9th Cir. 2007).

Examining the totality of the circumstances, we conclude that application of § 2A2.2 does not result in a disproportionate impact on Morales's sentence. In similar circumstances, we found no disproportionate impact in *Pike*. *See* 473 F.3d

---

[2] In *Pineda-Doval* and *Mezas de Jesus*, we compared the final offense level after application of each guidelines section and all other relevant adjustments. *Pineda-Doval*, 614 F.3d at 1041; *Mezas de Jesus*, 217 F.3d at 643. We do the same here.

[3] Morales argues that we should not consider the fact that the shift in guidelines also produces a change in how the acceptance of responsibility factor applies under § 3E1.1. However, in previous cases, we have considered the full net change in the guidelines range when assessing the impact of an enhancement, and we do the same here. *United States v. Valle*, 940 F.3d 473, 477 n.4 (9th Cir. 2019); *United States v. Johansson*, 249 F.3d 848, 856 (9th Cir. 2001).

at 1058–59. Moreover, we explained in *Pike* that, absent exceptional circumstances, we have been reluctant to apply the clear and convincing standard based solely on the fifth *Valensia* factor. *Id*.; *see also United States v. Felix*, 561 F.3d 1036, 1047 (9th Cir. 2009) ("We have imposed the clear and convincing standard only in *exceptional circumstances*." (citing *Jordan*, 256 F.3d at 929)). Compared to cases where we have required application of this heightened burden of proof, this case is not exceptional. *See, e.g.*, *United States v. Valle*, 940 F.3d 473, 480 (9th Cir. 2019); *Pineda-Doval*, 614 F.3d at 1041; *Jordan*, 256 F.3d at 929; *Mezas de Jesus*, 217 F.3d at 643. The district court properly applied the preponderance standard.

2. The district court did not clearly err in finding by a preponderance of the evidence that Morales intended to cause bodily injury to Curtis. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (standard of review). While driving 85 miles per hour on a highway, Morales rolled down his window and threw a chisel at Agent Curtis's car, even throwing the chisel hard enough that it smashed Curtis's passenger-side window and landed in his lap. It is a plausible explanation, if not the most likely explanation, that Morales intended to cause bodily injury to Curtis. The district court considered, but ultimately did not credit, Morales's claim that he only intended to hit Curtis's door. Even if the evidence could have been weighed differently, as Morales contends, that does not render the

6

district court's finding clearly erroneous. *United States v. Reyes*, 772 F.3d 1152, 1157 (9th Cir. 2014) ("Under the clearly erroneous standard, so long as the district court's view of the evidence is plausible in light of the record viewed in its entirety, it cannot be clearly erroneous, even if the reviewing court would have weighed the evidence differently had it sat as the trier of fact." (citation and internal quotation marks omitted)).

3. A sentence's substantive reasonableness is reviewed for an abuse of discretion. *United States v. Stewart*, 761 F.3d 993, 999 (9th Cir. 2014). We consider the totality of the circumstances, including variances from the guidelines. *Id*. at 999–1000. Because a guidelines sentence is usually reasonable, a below-guidelines sentence is even more likely to survive a defendant's challenge that the sentence is unreasonable. *United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008). Here, the district court varied downward from the low end of the guidelines range by 21 months, or more than 40 percent. The sentence of 30 months even falls within Morales's proposed guidelines range of 27–33 months. The district court did not abuse its discretion.

**AFFIRMED.**